UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Biopolymer Engineering, Inc., Civ. File No. 00-2509 (PAM/JGL)

Plaintiff,

v. **MEMORANDUM AND ORDER**

High Performance Living Corporation,

Defendant.

---

This matter is before the Court on Defendant High Performance Living Corporation's Motion for Relief From and Modification of Order Under Rule 60(b). For the reasons that follow, the Court grants Defendant's Motion.

**BACKGROUND**

The factual and procedural histories of this case are set forth in the Court's previous Memorandum Opinion and Order (Clerk Doc. No. 28) filed March 9, 2001. Therefore, this Memorandum Opinion will include only a brief recitation of the facts relevant to the present Motion.

This is a patent infringement case involving U.S. Patent 5,702,719 (the "'719 patent"), directed to general nutritional supplementation involving Beta Glucan. Plaintiff Biopolymer Engineering ("Biopolymer") is the "exclusive licensee" of the '719 patent. Defendant High Performance Living ("HPL") also sells Beta Glucan products.

FILED APR 25 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Biopolymer alleges that HPL's Beta Glucan product infringes on the claims of the '719 patent. On February 2, 2001, Biopolymer moved for a preliminary injunction to enjoin HPL from infringing on the '719 patent. After considering the four-part test set forth in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc), this Court entered a preliminary injunction enjoining HPL from making, selling, offering for sale, marketing and/or importing any Beta Glucan products that can be used as a dietary or nutritional supplement, unless the Beta Glucan is purchased from Biopolymer.

HPL now moves for a modification of the preliminary injunction under Rule 60(b) of the Federal Rules of Civil Procedure, arguing that the injunction is overbroad. In particular, HPL argues that the injunction should only enjoin the making, selling, offering for sale, marketing and/or importing Beta Glucan products derived from yeast, not Beta Glucan products derived from oats, barley, and mushrooms.

**DISCUSSION**

Under Rule 60(b), the Court may relieve a party from a final judgment, order, or proceeding for any of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason

justifying relief from the operation of the judgment.

HPL argues that it should be granted 60(b) relief because the preliminary injunction is overly broad in that it enjoins HPL from making, selling, offering for sale, marketing and/or importing any Beta Glucan products, not just those derived from yeast. However, the '719 patent is expressly limited to "a water-insoluble yeast cell wall extract comprising substantially purified beta (1,3) Glucans . . . . " (Pl.'s Mem. in Supp. Mot. for Prelim. Inj. at 5 (emphasis added).) HPL therefore requests that Beta Glucan products not derived from yeast be excluded from the injunction. HPL's counsel explains that she did not present this argument during the preliminary injunction proceedings because at that time she was unaware that HPL made Beta Glucan products derived from oats, barley, and mushrooms, as well as from yeast. She further explains that because neither she nor her client anticipated the entry of such a broad injunction, her client did not think it necessary to provide her with information about its non-yeast-derived Beta Glucan. Although the Court is disconcerted that HPL did not present this critical information earlier,[1] the Court is loathe to let stand an injunction that is broader than necessary to protect the interests of Biopolymer.

In response, Biopolymer argues that HPL should be denied 60(b) relief because the reasons cited by HPL are not sufficiently extraordinary to warrant such relief. In particular, Biopolymer contends that the injunction is not impermissibly broad because Beta Glucan

---

[1] The Court is satisfied that HPL was on notice regarding the breadth of the injunction sought by Biopolymer. In fact, Biopolymer requested the precise relief ordered by the Court. (See Pl.'s Mem. in Supp. Mot. for Prelim. Inj. at 12.)

products derived from oats, barley, or mushrooms, while not literally infringing, may indirectly infringe the '719 patent under the doctrine of equivalents. The Court is not persuaded. The injunction in this case was entered on the basis of Biopolymer's arguments of literal infringement, not under the doctrine of equivalents. (See Mem. and Order dated March 9, 2001, at 6-8.) Therefore, to the extent that the injunction precludes HPL from making or selling Beta Glucan products derived from any source other than yeast–that is, any source that does not literally infringe on the '719 patent–it is indeed overbroad. Accordingly, the Court will limit the scope of the injunction to include only those Beta Glucans derived from yeast.

Biopolymer also argues that the preliminary injunction should not be modified because Biopolymer should not be required to bear the costly burden of monitoring HPL's activities involving Beta Glucan products. In response, HPL has offered to pay all costs of third party testing of the Beta Glucan products it offers for sale. Given HPL's willingness to do so, the Court will not deny 60(b) relief on this basis.

**CONCLUSION**

For the foregoing reasons, and upon all of the files, records, and proceedings herein, the Court grants HPL's Motion for Relief From and Modification of Order Under Rule 60(b).

Accordingly, **IT IS HEREBY ORDERED** that:

1. HPL's Motion for Relief From and Modification of Order Under Rule 60(b) (Clerk Doc. No. 31) is **GRANTED**;

2. The Injunction issued by the Court in its Memorandum and Order dated March 9, 2001 (Clerk Doc. No. 28) is **MODIFIED**;

3. During the pendency of this litigation, HPL is enjoined from making, selling, offering for sale, marketing and/or importing Beta Glucan products derived from yeast that can be used a dietary or nutritional supplement, unless the yeast-derived Beta Glucan is purchased from Biopolymer; and

4. HPL shall pay all costs of third party testing of the Beta Glucan products it offers for sale.

Dated: April 25, 2001

Paul A. Magnuson
United States District Court Judge