UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Biopolymer Engineering, Inc.,
a Minnesota Corporation,

Plaintiff,

vs.

High Performance Living Corporation,
a Florida Corporation,

Defendant.

Court File No. 00-CV-2509 (PAM/JGL)

**STIPULATION OF DISMISSAL WITH PREJUDICE AND WITHOUT COSTS**

It is hereby stipulated and agreed to by and between the parties, through their undersigned counsel, that the above-entitled action by Biopolymer Engineering, Inc. against High Performance Living Corporation is hereby dismissed with prejudice, on the merits and without costs to any party, consistent with the provisions of Paragraph 6 of the Settlement and Release attached hereto and made a part hereof.

Dated: February 26, 2002

PATTERSON, THUENTE, SKAAR & CHRISTENSEN, P.A.

By: [signature]
RANDALL T. SKAAR (#165013)
ERIC H. CHADWICK (#248769)
4800 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 349-5741

**ATTORNEYS FOR PLAINTIFF**

MAR 25 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Dated: February 27, 2002

GRAY, PLANT, MOOTY, MOOTY,
& BENNETT, P.A.

By: ______________________
GINA M. TIEFENTHALER (#0264878)
3400 City Center
33 South Sixth Street
Minneapolis, MN 55402

**ATTORNEY FOR DEFENDANT**

**ORDER**

Based on the foregoing stipulation, IT IS HEREBY ORDERED, the above-entitled action is dismissed with prejudice and without costs to any party. IT IS FURTHER ORDERED that the Defendant High Performance Living Corporation is permanently enjoined pursuant to the provisions of Paragraph 6 of the Settlement and Release attached hereto and made a part of this Order.

Dated: Mar 23, 2002

BY THE COURT:

______________________
Paul A. Magnuson
United States District Court Judge

## SETTLEMENT AND RELEASE

WHEREAS, High Performance Living Corp. (hereafter "HPLC") filed a lawsuit against Biopolymer Engineering, Inc. and A.J. Lanigan in the Circuit Court for the Sixth Judicial Circuit in and for Pasco County, Florida, styled: High Performance Living Corporation v. Biopolymer Engineering, Inc., et al. (Case No. 20006261CA) (the "Florida Lawsuit");

WHEREAS, Biopolymer Engineering, Inc. filed a lawsuit against HPLC in the United States District Court, Minnesota District, styled: Biopolymer Engineering, Inc. v. High Performance Living, Corporation (Case No. 00-CV-2509) (the "Minnesota Lawsuit");

WHEREAS, HPLC filed a lawsuit against Biopolymer Engineering, Inc. in the United States District Court for the Middle District of Florida, styled: High Performance Living Corp. v. Biopolymer Engineering, Inc., et al. (Case No. 8:00-CV-2613-T-24B) (the "Florida Federal Lawsuit");

WHEREAS, HPLC and Biopolymer, Engineering, Inc. have agreed to resolve all the litigation pursuant to the terms set forth below, in order to avoid the costs and risks of litigation;

WHEREAS, HPLC and Biopolymer Engineering, Inc. have reached a settlement agreement of all issues between them;

WHEREAS, this Settlement and Release is not intended to, and shall not be construed to, negatively affect any rights or claims that HPLC, or its officers, shareholders or directors have against A.J. Lanigan;

WHEREAS, in exchange for good and valuable consideration, HPLC will dismiss the Florida Lawsuit and the Florida Federal Lawsuit, and Biopolymer Engineering, Inc. will dismiss the Minnesota Lawsuit, and the parties will exchange the mutual general releases contained herein;

WHEREAS, HPLC and Biopolymer Engineering, Inc. will pay their own attorneys' fees and costs related to or concerning the Florida Lawsuit, the Minnesota Lawsuit and the Florida Federal Lawsuit;

NOW, THEREFORE, in exchange for the mutual terms and conditions stated herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, HPLC and Biopolymer Engineering, Inc. agree as follows:

1. The recitations set forth above are true and correct.

2. Upon execution of this Settlement and Release, HPLC will dismiss the Florida Lawsuit and Biopolymer Engineering, Inc. will dismiss the Minnesota Lawsuit, subject to paragraph 6 of this agreement. Both dismissals shall be with prejudice. HPLC agrees not to refile the Florida Federal Lawsuit, which was dismissed by the Court without prejudice.

3. In exchange for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, High Performance Living Corp. and its current and former agents, officers, directors, shareholders, partners, employees, owners, affiliates, attorneys, independent contractors, parent companies, sibling companies, subsidiaries, masters, servants, successors and assigns (collectively "HPLC"), hereby remise, release and forever discharge Biopolymer Engineering, Inc. and its current and former agents, officers, directors, shareholders, partners, employees, owners, affiliates, attorneys, independent contractors, parent companies, sibling companies, subsidiaries, masters, servants, successors and assigns, except A.J. Lanigan (collectively "Biopolymer") of and from any and all and all manner of, action and inactions, cause and causes of action, suits, debts, breaches of fiduciary duty, other breaches, notes, dues, sums of money, accounts, reckonings, undertakings, bonds, bills, specialties, covenants, contracts, controversies, agreements, guarantees, indemnifications, promises, liens, variances, trespasses, damages, judgments, taxes, interest, penalties, assessments, extents, executions, expenses, claims, demands and liabilities whatsoever of every kind and nature, whether in law or equity or otherwise, which HPLC can, shall or may have, for or by reason of any matter or cause, at any time from the beginning of the world to the date of this document, including, but not limited to, any and all claims that were raised or could have been raised in the Florida Lawsuit, the Florida Federal Lawsuit and the Minnesota Lawsuit.

4. In exchange for good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, Biopolymer Engineering, Inc. and its current and former agents, officers, directors, shareholders, partners, employees, owners, affiliates, attorneys, parent companies, sibling companies, subsidiaries, masters, servants, successors and assigns (collectively "Biopolymer"), hereby remise, release and forever discharge High Performance Living Corp. and its current and former agents, officers, directors, shareholders, partners, employees, owners, affiliates, attorneys, independent contractors, parent companies, sibling companies, subsidiaries, masters, servants, successors and assigns (collectively "HPLC") of and from any and all and all manner of, action and inactions, cause and causes of action, suits, debts, breaches of fiduciary duty, other breaches, notes, dues, sums of money, accounts, reckonings, undertakings, bonds, bills, specialties, covenants, contracts, controversies, agreements, guarantees, indemnifications, promises, liens, variances, trespasses, damages, judgments, taxes, interest, penalties, assessments, extents, executions, expenses, claims, demands and liabilities whatsoever of every kind and nature, whether in law or equity or otherwise, which Biopolymer can, shall or may have, for or by reason of any matter or cause, at any time from the beginning of the world to the date of this document, including, but not limited to, any and all claims that were raised or could have been raised in the Florida Lawsuit, the Florida Federal Lawsuit and the Minnesota Lawsuit.

5. With respect to the Florida Lawsuit, HPLC admits that the discovery conducted in the case revealed that Biopolymer neither breached the Supply and Distribution Agreement nor fraudulently induced HPLC to enter into the Supply and Distribution Agreement. HPLC makes this admission in the context of settlement negotiations and the parties agree that Biopolymer, as defined in paragraph 4 above, will not use this admission as evidence in any proceeding against HPLC and/or its current and former agents, officers, directors, shareholders, partners, employees, owners, affiliates, attorneys, independent contractors, parent companies, sibling companies, subsidiaries,

masters, servants, successors and assigns. The parties further agree that Biopolymer's release in paragraph 4 of this Settlement effectively prohibits it from pursuing any cause of action in connection with the admission contained in this paragraph.

6. With respect to the Minnesota Lawsuit, HPLC admits that some of its nutritional products contained finely ground Beta Glucan (1,3) made from yeast and admits that those, and only those, products infringed one or more claims of both U.S. Patent 5,576,015 and U.S. Patent 5,502,719. HPLC acknowledges and agrees that the preliminary injunction currently in place in the Minnesota Lawsuit will become a permanent injunction. By this document, the Court shall have authorization of both parties hereto to issue an order for a permanent injunction, consistent with the preliminary injunction and especially its terms as to being limited to products derived from yeast, and to otherwise dismiss the Minnesota Lawsuit, subject to the injunction, with prejudice and without assessing any damages, attorneys' fees or costs. In the event Biopolymer brings an action against HPLC to enforce the permanent injunction and prevails in such action, HPLC agrees to pay the reasonable attorneys' fees and costs incurred by Biopolymer in, and only in, such enforcement action.

DATED: This 29th day of January, 2002.

HIGH PERFORMANCE LIVING CORP.

By: [signature]
Print Name: Chad T Kowel
Its: President

BIOPOLYMER ENGINEERING, INC.

By: [signature]
Print Name: Daniel K Conners
Its: Chairman

243111.1